UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Robert P. Maizel<br>                   Debtor<br>Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust<br>                   Movant<br>v.<br><br>Robert P. Maizel<br>Lynda Bard- Co-Debtor<br>Kenneth E. West Trustee<br>                   Respondents | Case No.: 22-10993-mdc<br><br>Chapter: 13<br><br>Judge:  Magdeline D. Coleman<br><br>Hearing Date:   August 2, 2022 at 10:30 am<br><br>Objection Deadline:   July 20, 2022 |

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY**

Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust(together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1),  vacating the automatic stay and co-debtor stay pursuant to 11 U.S.C. § 1301 to permit Movant to enforce its mortgage on the Debtor's premises located at 614 Elias Court, Plymouth Meeting, PA 19462 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.	Movant is the holder of a Note executed by Debtor Robert Maizel and dated November 1, 2007, whereby the Debtor promised to repay $698,000.00 plus interest to Countrywide Bank, FSB (the "Original Lender").  To secure the repayment of the Note, the Debtor and Co-Debtor Lynda Bard executed a Mortgage in favor of Original Lender,

encumbering the Property, which was recorded in Recorder of Deeds Office in Montgomery County, Pennsylvania at Book 12284, Page 0630. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. The Debtor and Co-Debtor entered into a Loan Modification Agreement with prior servicer Caliber Home Loans, Inc. effective August 1, 2016 that created a new principal balance of $697,069.98. The Debtor and Co-Debtor entered into a second loan modification with prior servicer Caliber Home Loans, Inc. effective April 1, 2020 that created a new principal balance of $828,744.12. A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreements are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on April 18, 2022.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, the Mortgage remains post-petition due for May 1, 2022.

6. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

7. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

8.      Plaintiff incurred attorney's fees in the amount of $1,050.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

9.      Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

10.      Movant may be irreparably harmed by the continuation of the Co-Debtor stay absent payments from the Debtor or Co-Debtor. Accordingly, the Co-Debtor stay should be modified pursuant to 11 U.S.C. § 1301(c)(3) and Movant should be permitted to proceed against the Co-Debtor, Lynda Bard.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1); vacating the co-debtor stay of 11 U.S.C. § 1301 and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated:   July 6, 2022

By: /s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
Bankruptcy@FriedmanVartolo.com